McIlvaine, J.
We think there was no error in the ■charge of which the plaintiff in error can complain. This is clearly so as to the second and third paragraphs, wherein •the liability of the sureties was affirmed in case the jury found the facts therein enumerated to be proved.
The only instruction, under which a verdict for the sureties •could bavebeen rendered, is found in the first paragraph. By this instruction, the elementary facts necessary to be found in order to exonerate the sureties were : 1. That the agent of the company, previous to the execution of the bond, ¡had been guilty of embezzlement while in the same employment. 2. That the company or its officers had knowledge of his default, .or, at least, believed, upon reasonable .and reliable information, that such default existed. 3. That such knowledge or belief was not communicated to the ¡sureties, although a reasonable opportunity to do so existed. 4. That the sureties had no knowledge or information in respect to such defalcation. 5. That the sureties, in signing the bond, “ acted under a belief, from the recitals of said bond, that said Adams Express Company •considered said Tidball a trustworthy person, and would not have signed the bond but for such belief.”
Admitting that a principal, in accepting a guaranty for •the faithful and honest conduct of his agent, is not bound, under all circumstances, to communicate to the guarantor 'every fact within his knowledge, which increases the risk; yet, we think there can be no doubt, either upon principal •or authority, that where an agent has acted dishonestly in his employment, the principal, with knowledge of the fact, can not accept a guaranty for his future honesty from one who is ignorant of the agent's dishonesty, and to whom the agent is held out by the principal as a person worthy of confidence. The failure to communicate such knowledge, under such circumstance, would be a fraud upon the guarantor.
The bad faith, in withholding from the guarantor such information, so material to the risk assumed, is manifested not only by the fact that the dishonest character of the *419 ■agent was peculiarly within the knowledge of the principal; but the holding of him out as a person entitled to con.fidence by continuing him in the service, was equivalent to a declaration that the principal had no knowledge of the dishonesty of the agent.
Assuming that the company had knowledge of Tidball’s embezzlements (or a belief founded upon reasonable and reliable information, which is the same in effect), the •sureties were not deceived simply by the fact that the agent was continued in the service, but also from the fact that it was printed on the face of the bond, prepared by the company, that it had agreed to employ him as agent in its future business. That he had previously been in the .same employment, was known to these sureties, and while they are chargeable with a knowledge of the general character of their principal in the bond, they are certainly excusable, under the circumstances, for not making special inquiry of the company, as to the manner in which he had •conducted himself while in its employment.
As to the alleged error in overruling the motion for a new trial ou the ground that the verdict was contrary to the evidence, all that need be said is, that after reading the testimony, we do not feel warranted in disturbing the judgment on this ground.
It is, however, particularly claimed that under the charge, "the jury could not have found from the testimony that a reasonable opportunity existed for communicating to the sureties, the fact of Tidball’s delinquencies as agent before the execution of the bond, as it clearly appears that the ■company did not know, and had no means of knowing who the sureties were to be, until after the bond was signed and transmitted by mail to Damsell, at Crestline. In regard to this point, it is enough to say that under the circumstances of this case, the absence of such opportunity is not a matter •of excuse. But, if it were otherwise, then I would say that information of Tidball’s delinquencies could have been communicated upon the face of the bond, as was the fact *420 that the company had agreed to continue him in its employment.

Judgment affirmed.